### ' SUPREME COURT.

#### NATHAN M. SEAMAN agt. THEOPHILUS CIVILL.

The defendant leased to the plaintiff certain premises, with a clause therein as follows: "In case the said Civill shall sell the said premises at any time after the first two years, he shall pay to said Seaman fifty dollars, and allow him to gather the crops there sown or planted upon said premises, and Seaman to give it up to said Civill." After two years Civill sold the premises to Seaman, the plaintiff and lessee, and Seamen brought this action to recover the $50: *Held*, that he could not recover.

*Albany General Term, December* 1865.

*Before* HOGEBOOM, PECKHAM, MILLER *and* INGALLS, *Justices.*

THIS is an appeal from a judgment of the county court of Albany county, affirming the judgment of the justices court in the above action. The defendant leased to the plaintiff certain premises situated in Castleton, for the term of five years, subject to the following provision: "In case the said Civill shall sell the said premises at any time after the first two years he shall pay to said Seaman fifty dollars, and allow him to gather the crops there sown or planted upon said premises *and Seaman to give it up to said Civill.*" The lease bears date January 23d, 1860. On the 16th day of May, 1863, Civill sold and conveyed the said premises to Seaman, who continued in the possession thereof. The action was brought by Seaman to recover the fifty dollars, and judgment having been rendered against him in justices, court, he appealed therefrom to the county court of Albany county, where the judgment was affirmed.

JOHN H. REYNOLDS, *for appellant.*
IRA SHAFER, *for respondent.*

*By the court,* INGALLS, J. In construing the instrument

Seaman agt. Civill.

in question the intention of the parties is to be ascertained, if possible, and when ascertained carried into effect so far as the rules of law will permit.

I think it may be fairly inferred from the provision of the contract that it was the intention of the parties that the fifty dollars should be paid only in the event of a sale of the premises to a third party.

By the above provision of the lease Seaman, in case of sale, was to have not only the fifty dollars but *also the right to gather the crops*, which latter privilege is inconsistent with the idea of a sale of the premises to himself which would embrace that right. But it was further provided that Seaman *should surrender up the premises to Civill in case of sale*, which is only consistent with the idea of a sale to a third party. No such surrender could have been contemplated if Seaman became the purchaser, as it would be in effect surrendering the premises to himself, when the lease only provides for a surrender to Civill.

It is quite obvious that the payment of the fifty dollars and the right to remove the crops, was intended as a compensation to Seaman in case he was deprived of the possession of the premises before the expiration of his term by a sale to a third party. Such is a fair and reasonable construction of the contract. Seaman has voluntarily purchased the premises and continued in the undisturbed possession of the same. If it had been the understanding of the parties that the fifty dollars was to be paid in case of sale to Seaman, it is but reasonable to infer that such sum would have been deducted from the purchase price of the premises, or some other provision then made for the payment thereof. This is a consideration of some significance bearing upon the question, as to the intention of the parties in regard to the payment of the fifty dollars, and indicates either that the plaintiff did not deem himself entitled to the money, or intended to waive the payment thereof.

The plaintiff has failed to establish a case entitling him to recover, and the judgment of the county court must be affirmed with costs.